[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action sounding in medical/dental malpractice brought against a dental surgeon William P. Marco, a dental practice known as Gillett Oral Surgeons P.C. and Hartford Hospital. Plaintiff alleges that on July 28, 1985, Dr. Marco who was then a member of Gillett, performed surgery on the plaintiff at Hartford Hospital and inserted a "teflon proplast implant" in plaintiffs jaw; that the implant was dangerous and defective and that in 1990 the defendants received an alert from Vitek, Inc. the manufacturers of the implant and an FDA alert both recommending that individuals receiving the implant be checked by radiographic examination; that in 1995 plaintiff began having problems with the implant and that she returned to Dr. Marco in 1997 at which time it was discovered that the implant had shattered. Plaintiff claims the defendants were negligent in not notifying her of the defect in the plaintiff in order to prevent injury. CT Page 3928
Pending before this court are motions for summary judgment Dr. Marco and Hartford Hospital based on the statute of limitations. In opposing the motions, plaintiff claims that the statute was tolled with respect to both Hartford Hospital and Dr. Marco because there was a "continuing course of conduct" between these defendants and the plaintiff, and so long as they failed to warn her, after having been alerted to the defect in the implant, the statute would not begin to run. Plaintiff cites Hamden v.Remington Arms co., 144 Conn. 316 (1957) and Cross v.Huttenlocheim, 185 Conn. 390 (1981).
An earlier motion for summary judgment by Gillett was granted by Judge Hale on November 10, 1998, the court finding that "there was no continuing course of conduct between plaintiff and Gillett after 1990, even if one existed prior thereto. Three years having passed, the statute has run and the motion is granted."
Both defendants deny any continuing relationship with plaintiff after July 28, 1985. The hospital further alleges that it had no duty to warn the plaintiff because it was "merely the location of the surgery", had no relationship to the plaintiff or Dr. Marco, and had no contact with the plaintiff of any kind after 1985. Dr. Marco claims his last contact with the patient was in 1986 when he left Gillett, that he took no files or records from Giliett, that he had no contact with plaintiff until he saw her in 1997 when he removed the implant: At oral argument it was explained that plaintiff saw Dr. Marco in 1997 because her personal physician had referred her to him.
Judge Hale's finding that there was no continuing course of contract between plaintiff and Gillette, with which this court has no difference, would seem to have even greater validity as respects the plaintiff and Hartford Hospital. The situation is not as clear with respect to Dr. Marco who was the treating oral surgeon and, by coincidence or otherwise, turned out to be the surgeon who removed the implant in 1997. Furthermore, Dr. Marco saw the plaintiff in 1986 for a return visit when she had complaints following the implant and could find no connection between her complaints and the implant or his surgery. Plaintiff has filed an affidavit claiming that during the period 1986 to 1997 she relied on Dr. Marco's advice that the source of her continuing ailments was not related to the surgery and implant and that she would have taken some corrective action prior to 1997 had she known of the alert issued relating to the implant. CT Page 3929
This court in deciding a motion for summary judgment must view the evidence in the light most favorable to the non moving party, Suarez v. Dickmont Plastics Corp., 229 Conn. 110 (1994). Although defendants view this case as a suit for medical malpractice "eleven years after surgery", there appears to be a possibility that the relationship between plaintiff and Dr. Marco could be found to be a "continuous course of conduct" so as to toll the statute of limitations.
Motion for summary judgment by Hartford Hospital granted. Motion for summary judgment by Dr. Marco denied.
Jerry Wagner Judge Trial Referee